# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40547

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ORTEGA, also known as Tio; BALTAZAR IBARRA CARDONA,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-113-12

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following trial, a jury convicted Rafael Ortega of one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, and four counts of possession with intent to distribute 1,000 kilograms or more of marijuana. The jury also convicted Baltazar Ibarra Cardona ("Ibarra") of one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, and one count of possession with intent to distribute 1,000

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40547

kilograms or more of marijuana. Both defendants appeal their convictions. For the reasons below, we affirm.

I.

On appeal, Ortega maintains that his conviction should be reversed because the verdict form used by the district court constructively amended his indictment. Despite Ortega's objection to the proposed verdict form at trial, and the changes made by the district court, he argues that the verdict form still misstated the mens rea for his charged offenses, and thus, permitted the jury to convict him of broader, uncharged offenses.[1] The Fifth Amendment requires that, if indicted by a grand jury, the defendant has the right to be tried solely based on the grand jury's allegations. *See Stirone v. United States*, 361 U.S. 212, 215–16 (1960). If a constructive amendment to the indictment occurs, we will reverse a conviction if the difference between the indictment and the jury instruction "allows the defendant to be convicted of a separate crime from the one for which he was indicted." *United States v. Nuñez*, 180 F.3d 227, 231 (5th Cir. 1999).

The superseding indictment against Ortega alleged that he "knowingly and intentionally" committed the offenses. The jury verdict form contained two questions for each count charged—(1) a general verdict question of guilt or innocence as to the offenses, followed by (2) a special interrogatory as to the amount of narcotics. Ortega argues that the indictment was constructively amended because "only the word 'knowingly' was included in each question [in the jury verdict form], and the word 'intentionally' does not appear in any of the questions." A review of the record, however, reveals that as to the general verdict determining guilt for each of the five counts, the jury was in fact asked

---

[1] The record reflects that Ortega properly preserved error as to the verdict form, and thus, we review constructive amendment claims de novo. *See United States v. Jara-Favela*, 686 F.3d 289, 299 (5th Cir. 2012).

No. 16-40547

whether Ortega "knowingly *and intentionally*" committed the charged offense. It was only the drug quantity interrogatories that omitted the "and intentionally" language. Ortega does not address the effect of this discrepancy on his overall argument that the indictment was constructively amended. *See United States v. Daniels*, 723 F.3d 562, 570–72 (5th Cir.) (noting that the Government's failure to prove the drug quantity "does not undermine the conviction . . . [but] only affects the sentence"), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013). To the extent that these interrogatories are directed to sentencing issues, a finding as to a sentencing issue would not implicate whether Ortega was convicted of an offense not charged in the indictment. 723 F.3d at 572.

In any event, although the statutes of conviction are stated in the conjunctive in the indictment, the statutes themselves are disjunctive. *See* 21 U.S.C. §§ 841, 846; *United States v. Nelson*, 733 F.2d 364, 368 n.8 (5th Cir. 1984). "It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively."[2] *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (per curiam); *see also United States v. Holley*, 831 F.3d 322, 328 & n.14 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 2118 (2017). Thus, Ortega's argument fails.

## II.

Ibarra contends that the limits the district court placed on his cross-examination of a Government's key witness were improper. Specifically, he argues that he should have been allowed to ask a codefendant witness, Francisco Colin, questions regarding benefits he may have received or will

---

[2] Moreover, the district court instructed the jury that the term "knowingly" means "that the act was done voluntarily and intentionally, not because mistake or accident." Thus, the jury's finding that Ortega acted "knowingly" necessarily encompassed a finding that he acted intentionally.

receive, including evading state criminal charges or receiving credit for being willing to testify against Ibarra in state court. Ibarra asserts that absent these limitations he would have been able to expose the jury to Colin's bias and motive for testifying.

We review de novo alleged violations of a defendant's Sixth Amendment right to confrontation. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004). If, however, there is no constitutional violation, we review a district court's cross-examination limitations for abuse of discretion, and grant relief only if the limitations were clearly prejudicial. *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008).

The Sixth Amendment's Confrontation Clause provides a criminal defendant the right to confront adverse witnesses, which is typically accomplished through cross examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). However, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 679. To warrant reversal, the defendant must establish that a reasonable juror might have had a significantly different impression of a witness's credibility if the cross-examination had not been restricted. *United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004).

Here, the record does not contain—and Ibarra did not develop—any evidence regarding the state case, specifically the implications of that case for Colin. Rather, the information in the record indicates that the State, without Colin's knowledge, listed him as a possible witness in that case. Because Ibarra offers only conjecture, he has not shown that the jury would have

4

developed a significantly different impression of Colin's credibility had the inquiry been permitted. *See id.* Ibarra has also failed to establish that the Government influenced the state case or that Colin saw a relationship between his role in this case and the outcome in the state case. *See United States v. Thorn*, 917 F.2d 170, 175–76 (5th Cir. 1990).

Additionally, Colin was questioned thoroughly about his role in this case, his plea agreement, and his credibility. Therefore, despite the district court's limitations, the jury still had sufficient information to assess Colin's bias and motives for testifying. *See United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993); *United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993). Ibarra fails to establish reversible error.

AFFIRMED.